## JAYNES *v.* BUSH.

### Opinion delivered May 13, 1918.

1. MASTER AND SERVANT—ASSUMED RISK—INJURY IN EJECTING TRESPASSER.—A railroad company is not liable for the death of a brakeman shot and killed while ejecting trespassers from a train, where there were no circumstances known to the employer or the conductor of the train making the discharge of the duty more dangerous than under ordinary circumstances; the brakeman, having accepted such employment, assumed the risk thereof.

2. SAME—WARNING SERVANT.—The danger to a brakeman engaged in ejecting trespassers from a train is not so extraordinary as to require the employer to warn the servant.

Appeal from Saline Circuit Court; *W. H. Evans,* Judge; affirmed.

*Mehaffy, Reid & Mehaffy,* for appellant.

*E. B. Kinsworthy* and *W. R. Donham,* for appellee.

McCULLOCH, C. J. Appellant instituted this action to recover damages on account of the death of his intestate, George C. Jaynes, which occurred while the latter was discharging his duties as brakeman in the service of appellee as receiver of a railway company. The trial court sustained a demurrer to the complaint and dismissed the action.

The complaint, after setting forth the operation of the railroad by the receiver and the character of the service of appellant's intestate as a brakeman, proceeds as follows:

"That on the 14th day of December, 1915, the said George C. Jaynes, while in the performance of his duty as brakeman and while in the exercise of due care, was directed and required by his superiors to put off or make them get off, some tramps or hoboes who had gotten on the train, and in carrying out said instructions of the conductor, who was his superior, he was shot and killed by one of the parties the conductor had directed him to make get off. That prior to this time, while serving in the capacity of brakeman, he was directed to perform duties of this sort, but believing it to be dangerous to do so, he did not undertake to make them get off and was discharged for his failure to do so.

"That on said 14th day of December, 1915, when directed to make them get off, he not only knew that he had to either obey or lose his job, but he relied on the judgment of his superiors, and because of their orders and directions, believed that he might be able to do so without getting injured, and therefore undertook to make them get off when he was shot and killed, as above described."

The complaint fails to state a cause of action, and the court was correct in sustaining the demurrer. It affirmatively appears from the allegations of the complaint that appellant's intestate, when killed, was discharging one of the duties of his employment as brakeman, the ordinary risks of which he assumed when he took service. It is not shown that there were extraordi-

nary dangers attending the discharge of that particular duty, of which the employer or his vice-principal knew, or by the exercise of ordinary care ought to have known, so as to make it incumbent to warn the servant of the danger or to refrain from directing him to perform the work. No act of negligence is alleged. The duty of ejecting trespassers necessarily devolved on some of the employees in charge of the train, and it did not constitute an act of negligence to perform that service or to direct another employee to do so, except under peculiar circumstances which rendered the service or the particular manner in which it was to be performed, extraordinarily dangerous.

Affirmed.